ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA     :

    - v. -     :     **INFORMATION**

MUNISH SOOD,                        **18 CRIM 620**

    Defendant.     :

- - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG 2 7 2018

### COUNT ONE
**(Conspiracy To Commit Bribery, Honest Services Fraud, and Travel Act Offenses)**

The United States Attorney charges:

1. From at least in or about 2016, up to and including in or about September 2017, in the Southern District of New York and elsewhere, MUNISH SOOD, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, violations of Title 18, United States Code, Sections 666(a)(2), 1343, 1346, and 1952.

2. It was a part and an object of the conspiracy that MUNISH SOOD, the defendant, and others known and unknown, corruptly would and did give, offer, and agree to give something of value to a person, with intent to influence and reward an agent of an organization, in connection with business, transactions, and series of transactions of such organization involving a thing of

value of $5,000 and more, while such organization was in receipt of, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, in violation of Title 18, United States Code, Section 666(a)(2), to wit, SOOD agreed with others to offer and pay bribes to multiple NCAA men's college basketball coaches, intending to influence and reward those coaches in connection with the business of their universities.

3. It was a further part and an object of the conspiracy that MUNISH SOOD, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and to deprive the respective employers of NCAA men's college basketball coaches of their intangible right to their employees' honest services, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343 and 1346, to wit, SOOD, through telephone and email communications, and wire transfers of funds, among other means and methods, agreed to and did deprive the respective employers of NCAA men's college basketball coaches of the right to their

2

employees' honest services by paying bribes to the NCAA men's college basketball coaches, in exchange for which these coaches agreed to and did exercise their influence as coaches for their respective universities to persuade and pressure student-athletes to retain the services of SOOD, among others.

4. It was a further part and object of the conspiracy that MUNISH SOOD, the defendant, and others known and unknown, willfully and knowingly would and did travel in interstate commerce, and use and cause to be used the mail and facilities in interstate and foreign commerce, with the intent to distribute the proceeds of an unlawful activity, and to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, to wit, the offering by SOOD, and others known and unknown, and the acceptance by Lamont Evans of commercial bribes, in violation of S.C. Code Ann. § 16-17-540 and 21 Okl. St. Ann. § 380, the acceptance by Emanuel Richardson of commercial bribes, in violation of A.R.S. § 13-2605, and the acceptance by Anthony Bland of commercial bribes, in violation of Cal. Penal Code § 641.3, thereafter would and did perform and attempt to perform an act to distribute the proceeds of said unlawful activity, and to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of said unlawful activity, in violation of Title 18,

United States Code, Sections 1952(a)(1) and (a)(3).

**Overt Acts**

5.  In furtherance of this conspiracy, and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.  On or about March 3, 2016, in South Carolina, MUNISH SOOD, the defendant, met with Christian Dawkins, Lamont Evans, and a cooperating witness for the Government ("CW-1"), during which meeting SOOD, Evans, Dawkins and CW-1 discussed, in sum and substance, that Evans could direct and influence certain student-athletes that Evans coached at the University of South Carolina to retain the services of SOOD, Dawkins, and CW-1.

b.  On or about June 20, 2017, SOOD, Emanuel Richardson, CW-1, and an FBI undercover agent ("UC-1"), among others, met in Manhattan, New York, during which meeting Richardson received a cash bribe of $5,000.

c.  On or about July 20, 2017, SOOD, Richardson, and UC-1 met in New Jersey, during which meeting Richardson received a cash bribe of $15,000.

(Title 18, United States Code, Section 371.)

## COUNT TWO
**(Payments Of Bribes To An Agent Of A Federally Funded Organization)**

The United States Attorney further charges:

6. From at least in or about 2016, up to and including in or about September 2017, in the Southern District of New York and elsewhere, MUNISH SOOD, the defendant, corruptly did give, offer, and agree to give a thing of value to a person, with intent to influence and reward an agent of an organization, in connection with business, transactions, and series of transactions of such organization involving a thing of value of $5,000 and more, while such organization was in receipt of, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, to wit, SOOD offered and paid bribes to multiple NCAA men's college basketball coaches, intending to influence and reward those coaches in connection with the business of their universities.

(Title 18, United States Code, Sections 666(a)(2) and 2.)

## COUNT THREE
**(Wire Fraud Conspiracy)**

The United States Attorney further charges:

7. From at least in or about 2016, up to and including in or about September 2017, in the Southern District of New York and

5

elsewhere, MUNISH SOOD, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit wire fraud in violation of Title 18, United States Code, Section 1343.

8. It was a part and object of the conspiracy that MUNISH SOOD, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, SOOD and others known and unknown participated in a scheme to defraud NCAA Division I universities by facilitating and concealing payments to prospective and current student-athletes at those universities, and their families, including by telephone, email, and wire transfers of funds, among other means, thereby causing those universities to provide or agree to provide athletic scholarships to student-athletes who, in truth and in fact, were ineligible to compete as a result of the payments.

9. It was a further part and object of the conspiracy that

6

MUNISH SOOD, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, SOOD and others known and unknown, participated in a scheme to defraud NCAA Division I universities by making and concealing payments to prospective and current student-athletes at those universities, and their families, including by telephone, email, and wire transfers of funds, among other means, which deprived those universities of the right to control the use of their assets, including the decision of how to allocate a limited number of athletic scholarships, and which, if revealed, would have further exposed the universities to tangible economic harm, including monetary and other penalties imposed by the NCAA.

(Title 18, United States Code, Section 1349.)

**FORFEITURE ALLEGATION**

10.     As a result of committing the offenses charged in Counts One through Three of this Information, MUNISH SOOD, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

Substitute Asset Provision

11.     If any of the above described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United

8

States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981,
Title 21, United States Code, Section 853, and
Title 28, United States Code, Section 2461.)

*Robert S. Khuzami*

ROBERT S. KHUZAMI
Attorney for the United States
Acting Under Authority
Conferred by 28 U.S.C. § 515

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MUNISH SOOD,

Defendant.

**INFORMATION**

18 Cr.

(18 U.S.C. §§ 371, 666, 1349, and 2.)

ROBERT S. KHUZAMI
Attorney for the United States
Acting Under Authority
Conferred by 28 U.S.C. § 515